(Reap. Dec. 10294)

ARARAT PAPAZIAN *v*. UNITED STATES

Entry No. A–839.

(Decided July 11, 1962)

Plaintiff not represented by counsel.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

LAWRENCE, Judge: Plaintiff herein controverts the value for dutiable purposes of certain photographs covered by the above-enumerated appeal for a reappraisement.

The merchandise in issue was appraised on the basis of constructed value, provided for in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec.

295, T.D. 54165 (19 U.S.C. § 1401a(d)), at $3 each, net, packed. The statutory provisions of said section 402(d) read as follows:

(d) CONSTRUCTED VALUE.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

At the trial of this case, plaintiff, appearing in his own behalf, testified that he had purchased the photographs at a lower price than found by the appraiser, but offered no evidence of the cost of materials and of fabrication or other processing employed in the production of such or similar merchandise at a time preceding the date of exportation and other essential evidence, as is required by the above statute.

In view of the failure of proof, the presumption attaching to the correctness of the appraiser's action has not been overcome, and the court finds the proper value of the photographs in issue to be the value found by the appraiser.

Judgment will be entered accordingly.